In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 17-3051

AKEEM DANIELS, CAMERON STINGILY, and NICHOLAS STONER,

*Plaintiffs-Appellants*,

*v.*

FANDUEL, INC., and DRAFTKINGS, INC.,

*Defendants-Appellees*.

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-01230-TWP-DML — **Tanya Walton Pratt**, *Judge*.

---

DECIDED NOVEMBER 29, 2018

---

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Three former college football players contend that online fantasy-sports games violate their statutory right of publicity under Indiana law. The proprietors of these games reply that two exceptions, Ind. Code §32-36-1-1(c)(1)(B), (c)(3), permit them to use players' names, likenesses, and statistics without compensation. The district court, agreeing with that argument, dismissed the suit on the pleadings. 2017 U.S. Dist. LEXIS 162563 at *6–25

(S.D. Ind. Sept. 29, 2017). We certified this question to the Indiana Supreme Court:

> Whether online fantasy-sports operators that condition entry on payment, and distribute cash prizes, need the consent of players whose names, pictures, and statistics are used in the contests, in advertising the contests, or both.

884 F.3d 672, 674 (7th Cir. 2018). It answered that question, holding:

> Indiana's right of publicity statute contains an exception for material with newsworthy value that includes online fantasy sports operators' use of college players' names, pictures, and statistics for online fantasy contests.

2018 Ind. LEXIS 575 at *17 (Oct. 24, 2018).

Defendants maintain that this conclusion ends the case. Plaintiffs, by contrast, ask us to remand to the district court to address the question whether the very existence of fantasy-sports games, in which contestants pay to play and winners receive cash, violates Indiana law. According to plaintiffs, a criminal gambling syndicate (which is how plaintiffs depict the defendants) cannot take advantage of any exception to Indiana's statutory right of publicity.

Plaintiffs advanced this argument in their appellate briefs. We referred to it when explaining the certified question:

> We have phrased this question in general terms so that the Supreme Court of Indiana may consider any matters it deems relevant—not only the statutory text but also, for example, plaintiffs' arguments about the legality of defendants' fantasy games and the possibility that there is an extra-textual illegal-activity exception to the provisions of Ind. Code §32-36-1-1.

884 F.3d at 675. The state court's answer to the certified question did not say, or imply, that there is an extra-textual exception for gambling. Nor did the Indiana Supreme Court suggest that the defendants' activities violate the state's anti-gambling laws.

What the state court *did* hold is that the use of the plaintiffs' names, pictures, and statistics comes within the statutory exception for material of "newsworthy value". It suggested one possible exclusion from this exception: using the plaintiffs' names (etc.) in a way that implied their endorsement of the defendants' games. Commercial endorsements cannot take advantage of the exceptions to the right of publicity—and although the Indiana Supreme Court saw only "minimal" risk that fantasy leagues' use of athletes' names, pictures, and statistics would be understood as the athletes' endorsement, it did not foreclose the possibility. 2018 Ind. LEXIS 575 at *15–17. It "defer[red] making any factual determination on this issue to our federal colleagues." *Id*. at *17.

Plaintiffs do not ask us to remand so that the district court can explore that subject. Instead they want a remand so that they can argue that the defendants' entire business model is criminal and that the state judiciary would not apply the statutory "newsworthy value" exception to criminal activities. That is not a question for the district court, however; it was a question for the Indiana Supreme Court, which could have articulated such an exception but did not.

We have nothing to say on the question whether the business of FanDuel or DraftKings violates Indiana's criminal laws. If a state prosecutor brings such charges, the answer will be for the state judiciary. Because plaintiffs have not tried to take advantage of the opening the state judiciary

left them under the right-of-publicity statute, this civil suit is over.

AFFIRMED